HARRY S. LOCKE v. OSBORNE–McMILLAN ELEVATOR COMPANY.[1]

May 28, 1900.

Nos. 12,030—(167).

### Discretion of Court—Appeal from Justice Court.

The setting aside of a judgment entered upon motion of appellee, for failure to place a justice appeal on the calendar at the ensuing term of the district court, is wholly discretionary; and the order of the district court in such case will not be disturbed, unless in a clear case of abuse of discretion.

### Same.

Record in this case examined, and *held*, that it does not appear that there was any abuse of discretion in denying the motion to set aside the order for judgment in this case.

From a judgment of a justice of the peace in favor of plaintiff, defendant appealed to the district court for Stearns county, and having failed to enter the appeal on the calendar made a motion for leave so to do, which was denied by the court, Searle, J. Judgment was thereupon entered in favor of plaintiff, from which defendant appealed. Affirmed.

*George W. Stewart* and *Welch, Hayne & Hubachek,* for appellant.

*Calhoun & Bennett,* for respondent.

LOVELY, J.

A judgment was recovered against defendant before a justice of the peace in Stearns county for $19.50. An appeal was taken to the district court, but defendant's counsel omitted to have the cause placed upon the calendar at the next ensuing term of the district court. The plaintiff, after the second day of such term, caused the same to be entered, and obtained an order from the court for judgment affirming the judgment of the justice, with costs, under the provisions of G. S. 1894, § 5072.

It appears that before the judgment was entered an application was made to the district court to set aside the order for judgment, upon affidavits showing that the general counsel of the defendant,

[1] Reported in 82 N. W. 1084.

living at Minneapolis, were not aware of the fact that their client was a Wisconsin corporation, but supposed it to be a resident of Minnesota, with its principal office at Minneapolis, and had intended, upon appeal from the justice, to apply, after appeal, to have the cause removed to Hennepin county for trial, under the provisions of G. S. 1894, § 5192, and had corresponded with local counsel at St. Cloud with reference to that intention, also as to the details of the conduct of the cause; but when they found that their client was a nonresident, and could not take the benefit of the statute last referred to, they concluded to try the case in Stearns county, and had correspondence with their representatives there, and, as often happens where numerous counsel are engaged in one matter, a misunderstanding arose with reference to the entry of the cause on the calendar and preparation for trial. These matters are set forth in detail in the affidavits upon the motion. It was also claimed that defendant had a meritorious defense to plaintiff's claim, and affidavits by plaintiff were filed in reply. The trial court below, after hearing and considering the motion to set aside the order for judgment, denied the same, and judgment was duly entered in favor of the plaintiff, as originally ordered, from which judgment this appeal is taken.

The setting aside of the order for judgment was clearly a matter within the discretion of the court below. There is nothing to show that such order was denied upon any other grounds than the exercise of judicial discretion, and we have no reason to doubt, from the record, that it was properly exercised in this case.

Judgment affirmed.